IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE SINKFIELD,<br>　　　Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:16-03395 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH,<br>　　　Defendant. | § § § § | |

# MEMORANDUM AND ORDER

Plaintiff Marie Sinkfield, who proceeds *pro se*, brings this suit alleging employment discrimination. On December 12, 2016, Defendant University of Texas Medical Branch ("UTMB") filed a Motion to Dismiss [Doc. # 5], to which Plaintiff filed a timely Response [Doc. # 8]. Defendant did not file a reply. The Court held a pretrial conference on January 18, 2017, *see* Telephone Hearing Minutes and Order [Doc. # 14], at which the Court asked Plaintiff questions in order to get necessary clarifications of her claims and theories. The Court deems Plaintiff's oral explanations part of her complaint for purposes of the pending Motion. The Motion is now ripe for consideration. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court determines that Defendant's Motion to Dismiss should be **granted in part** and **denied in part**.

## I.     BACKGROUND

Plaintiff previously was employed as a Correctional Clinical Associate by Defendant UTMB, a job Plaintiff describes as primarily administrative. Plaintiff alleges that she has a chronic back condition and that, on March 15, 2014, she was injured in the workplace while pushing a supply cart. Plaintiff describes the supply cart task as a "back up" duty for her administrative position, rather than a primary responsibility. She states that her injury causes "extreme pain when pushing or pulling a supply cart or lifting heavy items." Response, at 1.

From September 2014 through February 2015, as a result of the injury, Plaintiff's job duties were temporarily restricted to "light duty." The Texas Department of Assistive and Rehabilitative Services ("DARS") assisted with Plaintiff's rehabilitation. Plaintiff supplies an October 2014 letter from a DARS counselor that appears to indicate that, as of that time, Plaintiff was in need of rehabilitation to maintain her employment.[1]

In February 2015, UTMB informed Plaintiff that her temporary light duty restrictions had been exhausted. Plaintiff sent an email to UTMB's human resources

---

[1]  *See* Doc. # 1, at 10 (Letter from Melba Haynes, dated Oct. 30, 2014) ("I certify that this individual has a disability, which results in a substantial impediment to employment. It is presumed that this individual is capable of achieving an employment outcome. Vocation Rehabilitation Services are required to obtain and/or maintain employment.").

department requesting a permanent accommodation but, on March 16, 2015, Senior Personnel Manager Debbie Dansbe denied her request.  Plaintiff then filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  *See* EEOC Charge of Discrimination, filed Mar. 29, 2015, [Doc. # 1], at 6-9.

At the pretrial conference, Plaintiff stated that her back pain is "ongoing" and "chronic," and that two doctors have told her that she should avoid pushing because of arthritis and a bulging disc.  She also stated that Janet Benich, a white co-worker who held the same position at UTMB and had knee problems, was not forced to perform supply cart duties, but rather was permitted to have someone else perform the duties for her.

On April 7, 2015, Plaintiff submitted her resignation in writing.[2]  She alleges that, because she was denied a permanent accommodation and required to continue with supply cart duties, she effectively was forced out of her position at UTMB.[3]  Plaintiff informed the Court at the pretrial conference that she is currently employed,

---

[2]   Plaintiff has not yet supplied the Court with the resignation letter.

[3]   Response, at 1-2 ("A meeting was held at Human Resources when I was placed on Administrative Leave and I was given a formal letter of denial for my request for an accommodation.  I asked if I experienced pain and could not perform the duty should I proceed.  I was told by Ms. Lela Lockett that 'I should stay home if unable to perform the supply cart duties.'  I was also told if I was unable to perform or for any reason I did not perform the duty, my manager, Susan Dostal, was instructed to call the Human Resources Office at once.  I felt threatened, overwhelmed, fearful for my safety, health and livelihood.  I felt as if UTMB was trying to harm me and intentionally force me out of my position I held for two years.")

started her new position immediately after her resignation from UTMB, and is earning more money than she made at UTMB. However, she is requesting re-employment from UTMB because the retirement benefits and the job hours were preferable.

Plaintiff filed her Complaint in this Court on November 15, 2016, after receiving a notice from the EEOC of her right to sue.[4] She contends that Defendant UTMB discriminated against her on the basis of her race and disability when it failed to provide a "reasonable accommodation," even after she provided medical documentation of her injury, and that UTMB constructively discharged her. Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   RULE 12(b)(6) STANDARDS

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-

---

[4]   Defendant reserves right to contest the timeliness of Plaintiff's Complaint at a later stage of this litigation. Motion, at 2 n.2.

pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief. *Iqbal*, 556 U.S. at 679. This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense. *Id.*

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322

F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These presumably are documents whose authenticity no party questions. *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

A document filed by a *pro se* party must be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"); *Hood v. Pope*, 627 F. App'x 295, 299 n.7 (5th Cir. 2015).

## III.   ANALYSIS

### A.   ADA CLAIM

To the extent Plaintiff intends to bring a claim against UTMB under Title I of the ADA, she has failed to state a claim upon which relief can be granted.[5] UTMB is

---

[5]   Title I of the ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, (continued...)

an agency of the State of Texas and enjoys the same Eleventh Amendment immunity as the State itself. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). The Supreme Court has held that, in enacting Title I of the ADA, Congress did not validly abrogate the states' immunity from suit by private individuals. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 & n.9 (2001) (explaining that Title I's standards can be enforced against the states by the United States in an action for money damages, or by private suits seeking injunctive relief, but not by private individuals suing the state for money damages) (citing *Ex Parte Young*, 209 U.S. 124 (1908)). *See Amsel v. Tex. Water Dev't Bd.*, 464 F. App'x 395, 402 n.1 (5th Cir. 2012). UTMB therefore enjoys Eleventh Amendment immunity from Plaintiff's claim

---

5 (...continued)
advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). As with Title VII cases, an ADA plaintiff who claims employment discrimination may either present direct evidence of discrimination or may proceed under the *McDonnell-Douglas* burden-shifting framework. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Under this framework, if the plaintiff shows a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions; if the defendant does so, the plaintiff then bears the burden to show that the defendant's proffered reason is pretextual. *Id.* To establish a *prima facie* case of discrimination under the ADA, a plaintiff must prove (1) that she has a disability; (2) that she was qualified for the position; and (3) that she was subject to an adverse employment decision on account of her disability. *Id.* at 697.

Title II of ADA, which does not apply in the employment context but rather pertains to access to government services, *see Taylor v. City of Shreveport*, 798 F.3d 276, 282-83 (5th Cir. 2015), is not relevant in this case.

for money damages under the ADA.  Plaintiff's claim is dismissed for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

Plaintiff apparently seeks injunctive relief, because she stated at the pretrial conference that she would like UTMB to re-employ her in her previous position, with accommodation for her back injury. However, any request by Plaintiff for injunctive relief is barred because Plaintiff has sued only UTMB, and not individual state officials.  The Eleventh Amendment bars suits for injunctive relief against state agencies.  *Raj v. La. St. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (holding that the plaintiff could not overcome sovereign immunity under *Ex Parte Young* because he had named as defendants only Louisiana State University ("LSU"), LSU Health, and the LSU Board, and not individual officials).  The *Ex Parte Young* exception, which permits "suits for injunctive or declaratory relief against **individual state officials** acting in violation of federal law," does not apply when the plaintiff sues the state or its agencies.  *Id.* (emphasis added).

Plaintiff's ADA claim is dismissed because UTMB is immune from the claims she asserts.  However, pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may file an amended complaint if she can make allegations that overcome the legal

doctrines explained in this Memorandum.[6]  If Plaintiff elects to file an amended pleading, she must do so **on or before February 21, 2017**.

### B. Title VII Claim Regarding Disability

To the extent Plaintiff intends to assert a claim under Title VII for discrimination on the basis of a disability, the claim is dismissed for failure to state a claim upon which relief can be granted.  Title VII prohibits employers from discriminating on the basis of "race, color, religion, sex, or national origin," but does not protect against discrimination based on disability. *See* 42 U.S.C. § 2000e-2(a); *Washburn v. Harvey*, 504 F.3d 505, 509 (5th Cir. 2007).

### C. Title VII Claim Regarding Race

Plaintiff brings a claim for race discrimination under Title VII.  A Title VII plaintiff can establish a *prima facie* case based on circumstantial evidence, as Plaintiff seeks to do in this case, by demonstrating that he or she: (1) is a member of a protected class; (2) was qualified for the position in question; (3) was the subject of an adverse employment action; and (4) was treated less favorably than similarly

---

[6] Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).  *See Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008).  The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (internal quotation marks and citation omitted).

situated persons who were not members of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).[7] The ultimate question is whether the defendant took an adverse employment action "because of" the plaintiff's race. *Raj*, 714 F.3d at 331. At the pleading stage, Plaintiff is not required to show each prong of the *prima facie* case, but rather must state a claim under the pleading standards of *Twombly* and *Iqbal*. *Id*.

In her Complaint, Response, and/or her oral statements at the pretrial conference, Plaintiff makes allegations pertaining to each of the four *prima facie*

---

[7] A plaintiff's *prima facie* case creates an inference of intentional discrimination that shifts the burden back to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Lee*, 574 F.3d at 259. The defendant's burden at this stage is a burden of production, not persuasion, and "'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 513 (1993)). If the employer provides such an explanation, the inference created by the *prima facie* case drops out, and the plaintiff bears the burden to establish discrimination by offering evidence that the employer's stated explanation is a pretext for racial bias. *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 259; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). A plaintiff's *prima facie* case, combined with the factfinder's disbelief of the defendant's proffered reasons, may suffice to show intentional discrimination. *Reeves*, 530 U.S. at 147 (citing *St. Mary's Honor Center*, 509 U.S. at 511). Despite this intermediate burden shifting, the plaintiff at all times bears the ultimate burden to demonstrate that the defendant intentionally discriminated on the basis of race. *Reeves*, 530 U.S. at 143; *Lee*, 574 F.3d at 259 n. 13 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

elements. She states that she is African-American, and thus a member of a protected class, satisfying the first prong. She further claims that she was qualified for her position at UTMB and had held the position for two years, which suffices at this stage for the second *prima facie* prong.

Regarding an "adverse employment action," Plaintiff contends that UTMB constructively discharged her. For Title VII claims in the Fifth Circuit, "adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007); *Pegram v. Honeywell*, 361 F.3d 272, 282 (5th Cir. 2004)). "An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action." *Id.* (internal quotation marks, citation, and alteration omitted). Plaintiff's claim that she was constructively discharged adequately alleges an adverse employment action.[8]

---

[8] To the extent Plaintiff argues that UTMB's denial of her requested accommodation separately qualifies as an adverse employment action based on her race, the Court is aware of no Fifth Circuit authority supporting this position. *See Loulseged v. Akzo Nobel, Inc.*, 178 F.3d 731, 734 (5th Cir. 1999) (declining to reach the question of whether a plaintiff may bring a claim **under the ADA** when the only adverse employment action alleged is a failure to accommodate the plaintiff's disability); *Tran* (continued...)

As for the fourth prong, Plaintiff has alleged that someone outside the protected class received more favorable treatment. Plaintiff alleges that Janet Benich, a white woman who held the same position as Plaintiff, was relieved of back-up supply cart duties because of her knee problems. At this stage of the case, Plaintiff's allegations are sufficient.

Defendant's motion to dismiss Plaintiff's race discrimination claim under Title VII is denied.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 5] is **GRANTED in part and DENIED in part**. The Court dismisses Plaintiff's claim under the ADA and her Title VII claim alleging discrimination based on her disability. The Court denies Defendant's Motion to Dismiss Plaintiff's Title VII claim of race discrimination. It is further

---

8   (...continued)
*v. Pflugerville Indep. Sch. Dist.*, 2014 WL 12160774, at *5 (W.D. Tex. May 23, 2014) (Austin, M.J.) (considering a claim of discrimination ***under the ADA*** and holding that the denial of certain accommodations did not qualify as adverse employment actions). Moreover, Defendant argued at the pretrial conference that the supply cart responsibilities assigned to Plaintiff were within her medical restrictions, and therefore in fact accommodated her disability. Because, as held above, Plaintiff's claim that she was constructively discharged adequately alleges an adverse employment action, the Court need not address the accommodation issue at this time.

**ORDERED** that, if Plaintiff elects to amend her pleadings, she must file her amended complaint **on or before February 21, 2017**.

A separate Docket Control Order will issue.

SIGNED at Houston, Texas, this **25th** day of **January, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE