United States District Court
Southern District of Texas
**ENTERED**
October 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE SINKFIELD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-03395 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, | § § | |
| Defendant. | § § | |

# MEMORANDUM AND ORDER

Plaintiff Marie Sinkfield, who proceeds *pro se*, brings this suit alleging employment discrimination. On September 13, 2017, Defendant University of Texas Medical Branch ("UTMB") filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. # 19]. Plaintiff filed a Response [Doc. # 20] and Defendant filed a Reply [Doc. # 21].

Plaintiff's sole remaining claim in this lawsuit is that UTMB discriminated based on her race when it constructively discharged her.[1] Plaintiff maintains that Defendant constructively discharged her by humiliating her and refusing to

---

[1] *See* Amended Complaint [Doc. # 17] (claiming race discrimination only); Memorandum and Order [Doc. # 15], at 11 (identifying the alleged constructive discharge as the "adverse employment action" for Plaintiff's race discrimination claim).

accommodate her physical and medical restrictions.[2]

On March 29, 2015, while still employed by UTMB, Plaintiff filed a Charge of Discrimination with the EEOC Equal Employment Opportunity Commission ("EEOC").[3] Less than three weeks later, on April 17, 2015, Plaintiff submitted to Defendant a letter stating that she "resign[ed]" her position.[4] The EEOC investigation was pending at the time. The EEOC closed its file on August 18, 2016.[5]

Defendant's Motion to Dismiss raises the threshold issue of whether Plaintiff exhausted her constructive discharge claim before the EEOC. A district court may not entertain a Title VII claim unless the plaintiff has first exhausted her administrative remedies by filing a charge before the EEOC. *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994). *See Anderson v. Venture Express*, 694 F. App'x 243,

---

[2] *See* Response [Doc. # 20], at 1-2. Defendant vigorously contests these allegations and claims, among other things, that it accommodated her restrictions.

[3] *See* Charge of Discrimination (attached to original Complaint [Doc. # 1] ("EEOC Charge").

[4] *See* Letter dated Apr. 17, 2015 (Exhibit A to Amended Complaint) ("This letter is to inform you of my resignation from UTMB-CMC. My last day will be April 24, 2015. Thank you.").

[5] Dismissal and Notice of Rights (attached to original Complaint [Doc. # 1]) ("Based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.")

247 (5th Cir. 2017); *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004).

Plaintiff's EEOC Charge was filed before she separated from employment. She did not complain about constructive discharge in that EEOC Charge. Although the EEOC investigation was still pending when Plaintiff left her position, there is no indication that Plaintiff amended or supplemented her EEOC Charge, or filed a new charge, to complain of constructive discharge from employment. Plaintiff's Response points out simply that she was still employed by Defendant when she filed her EEOC Charge.

The Court cannot determine on this record whether Plaintiff presented her allegations of constructive discharge to investigators during the pendency of her case before the EEOC. The Court declines to dismiss this case without development of the record regarding exhaustion. It is hereby

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. # 19] is **CONVERTED** to a motion for summary judgment. *See* FED. R. CIV. P. 12(d). Defendant's request for dismissal based on the merits of Plaintiff's Title VII is **DENIED without prejudice**. It is further

**ORDERED** that on or before **November 13, 2017**, Plaintiff must file supplemental briefing and evidence regarding (1) all submissions to the EEOC, if any, relevant to her claim of constructive discharge and (2) the EEOC's investigation, if

any, of that claim.  **Plaintiff is cautioned that failure to respond as ordered may result in dismissal of this lawsuit**.  It is further

**ORDERED** that on or before **November 27, 2017**, Defendant must respond to Plaintiff's supplemental briefing and evidence, and provide any additional documentation in its possession, or of which it is aware, of (1) a new charge or supplemental charge, if any, by Plaintiff regarding constructive discharge, and/or (2) evidence of investigation, if any, by the EEOC into Plaintiff's claim of constructive discharge.  It is further

**ORDERED** that discovery in this action is **STAYED** pending further order of the Court.  It is finally

**ORDERED** that all deadlines in the Docket Control Order, such as deadlines for discovery, mediation, and dispositive motions, are **VACATED**.  The Court will set future deadlines as necessary after resolution of the exhaustion issue.

SIGNED at Houston, Texas, this 25th day of **October, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE